D. Maimon Kirschenbaum
Josef Nussbaum
JOSEPH & KIRSCHENBAUM LLP
45 Broadway, Suite 320
New York, NY 10006
(212) 688-5640
(212) 981-9587 (fax)

*Attorneys for Named Plaintiff, proposed FLSA Collective Plaintiffs, and proposed Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------x
**EMMANUEL CASTILLO, on behalf of himself and others similarly situated,**

**Plaintiff,**

**v.**

**RICARDO LLC, EDWARD MATEUS, and JAMES a/k/a "JIMMY" MATEUS,**

**Defendants.**
---------------------------------------------------x

**CASE NO. 1:25-CV-8022**

**<u>COMPLAINT</u>**

**FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION**

**DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of himself and all others similarly situated, alleges as follows:

## <u>JURISDICTION AND VENUE</u>

1. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

3. Defendant Ricardo LLC ("Ricardo") is a New York corporation that owns and operates a restaurant called Ricardo in Spanish Harlem, Manhattan.

4. At all relevant times Ricardo's annual gross volume of sales has exceeded $500,000.

5. Ricardo has employees engaged in interstate commerce and handling, selling, or otherwise working on goods and materials that have been moved in or produced for interstate commerce.

6. Defendants James and Edward Mateus co-own Ricardo. They are both frequently present at the restaurant and actively manage the restaurant. Employees interact with them with respect to scheduling, discipline, and pay, and they are both in charge of these issues at the restaurant.

7. Plaintiff Emmanuel Castillo worked for Defendants as a server at Ricardo from late 2023 until August 2025.

## FLSA COLLECTIVE ACTION ALLEGATIONS

8. Plaintiff brings the First Claim for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all servers, bartenders, barbacks, runners, and bussers employed by Defendants at Ricardo on or after the date that is three years before the filing of the Original Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

9. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules of willfully paying them less than the minmum

wage. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

10. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and contact information are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail, email, and text message to the last address, email address, and phone number known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

11. Plaintiff brings the Second, Third, Fourth, and Fifth Claims for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all servers, bartenders, barbacks, runners, and bussers employed by Defendants on or after the date that is six years before the filing of the Original Complaint in this case as defined herein (the "Class Period").

12. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P. 23.

13. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number

are presently within the sole control of Defendant, upon information and belief, there are more than fifty (50) members of the Class.

14. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage compensation, illegal retention of tips, and failure to provide required wage notices/statements. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

15. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

16. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of

individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

17. Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

18. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a) Whether Defendants employed Plaintiff and the Class members within the meaning of the New York law.

b) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and the Class members for their work.

c) Whether Defendants paid Plaintiff and the Class members the minimum wage for all hours worked.

d) Whether Defendants took unlawfully deductions from Class members' pay.

e) Whether Defendants provided Plaintiff and Class members with proper wage notices and wage statements.

## FACTS

### Wage and Hour Violations

19. Plaintiff's Consent to Sue form is attached as Exhibit A.

20. Defendants committed the following alleged acts knowingly, intentionally, and willfully.

21. Defendants paid Plaintiff and other tipped employees $10.00 throughout their employment.

22. During the years 2024 and 2025 this was below the New York tip credit minimum wage.

23. Throughout Plaintiff's employment, this was below New York's full minimum wage.

24. Defendants were not entitled to pay Plaintiff and tipped employees the lower tip credit minimum wage, which is less than the full minimum wage, because they never provided written notice that they were taking a tip credit, as required by New York law.

25. Defendants required Plaintiff and other tipped employees to cover billing errors. For example, if customers left the restaurant without paying all or part of their bill, Defendants required their server to pay for it out of their own pockets..

26. This happened to Plaintiff several times during his employment, and he witnessed it happen to other tipped employees.

27. For example, on August 13, 2025, Plaintiff was required to pay $156 to cover for a non-paying customer. During that week, he worked about 22 hours and was paid $220 in hourly pay. Thus, this reduction of $156 brought his weekly pay below the federal and state minimum wages.

28. Plaintiff was not given a proper notice of his pay rate. If he had been given such notice, he would immediately have noticed that he was being paid less than the minimum wage and addressed it.

29. Defendants deducted 30 minutes from Plaintiff's hours worked each day for a meal break that Plaintiff did not take.

30. Plaintiff's paystubs did not state his actual hours worked. Instead, they usually reflect a "round number." For example, for the pay dates 8/4/2025 and 8/11/2025, Plaintiff's paystubs reflect 20.00 and 18.00 hours worked respectively. These numbers are less than Plaintiff's actual hours worked as they subtract the illegal deductions mentioned above. In addition, they are mere estimations of Plaintiff's post-deduction hours worked. Accordingly, Plaintiff to date cannot state with certainty how long his shifts actually lasted and cannot ascertain with certainty his wages owed, which hinders his ability to recover his unpaid wages.

31. Defendants committed the foregoing acts against Plaintiff, the FLSA Collective Members and the Class Members.

**Wrongful Termination**

32. In early 2025, Plaintiff complained to Defendants that they were not properly paying the required New York City taxes on his behalf.

33. Almost immediately after making that complaint, Plaintiff's shifts were reduced from four (4) to about two (2) per week.

34. In early August 2025, Plaintiff informed Juwel, his manager on duty, that he had a walkout, and that he refused to pay for the walkout out of his own pocket, as the restaurant illegally required.

35. Juwel became very angry and told him to speak to Defendant Eddie Mateus. Plaintiff went to Mr. Mateus and told him that he refused to pay for the walkout.

36. Mr. Mateus informed Juwel that Plaintiff would not have to pay for the walkout on this occasion.

37. One week later, Plaintiff was terminated from his employment with Defendants, as he was removed from the schedule.

38. Plaintiff worked for over a year for Defendants without incident. It was only immediately after and because he opposed Defendants' tip/wage theft that he was terminated. Accordingly, it is clear that Defendants terminated Plaintiff's employment in retaliation for his complaints about their unlawful actions,

**FIRST CLAIM FOR RELIEF**
**(FLSA Minimum Wage, 29 U.S.C. § 201, *et seq.*)**
**(Brought by Plaintiff on Behalf of Himself**
**and the FLSA Collective Plaintiffs)**

39. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

40. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.

41. At all relevant times, Defendants have employed, "employee[s]," including Plaintiff and each of the FLSA Collective Plaintiffs.

42. During the statute of limitations period covered by these claims, Defendants knowingly paid Plaintiff and the FLSA Collective Plaintiffs less than the minimum wage.

43. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid gratuities, liquidated damages as provided by the FLSA, attorneys' fees and costs, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
**(New York State Minimum Wage Violations, N.Y. Lab. L. §§ 650 *et seq.*)**
**(Brought by Plaintiff on Behalf of Himself and the Class)**

44. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

45. Defendants knowingly paid Plaintiff and the Class members less than the New York State minimum wage for all hours worked.

46. As a result of Defendants' unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

## THIRD CLAIM FOR RELIEF
**(New York Notice Requirements, N.Y. Lab. L. §§ 195, 198)**
**(Brought by Plaintiff on Behalf of Himself and the Class)**

47. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

48. Defendants did not provide Plaintiff and the members of the Class with the notices/statements required by N.Y. Lab. Law § 195. For example, Defendants did not give Plaintiff or members of the Class any notices regarding their pay rates, and the paystubs for Plaintiff and members of the Class did not accurately reflect all the required information.

49. As a result of Defendants' unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages pursuant to N.Y. Lab. Law § 198, in amount to be determined at trial, post-judgment interest, and costs and attorneys' fees.

**<u>FOURTH CLAIM FOR RELIEF</u>**
**(Unlawful Deductions, N.Y. Lab. L. § 193)**
**(Brought by Plaintiff on Behalf of Himself and the Class)**

50. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

51. Defendants took unlawful deductions from Plaintiff's and Class members' pay.

52. As a result of Defendants' unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

**<u>FIFTH CLAIM FOR RELEIF</u>**
**(NYLL Retaliation, N.Y. Lab. L. §§ 215, 740)**

53. Plaintiff incorporates and realleges each preceding paragraph as though set forth in full herein.

54. Defendants willfully and unlawfully retaliated against Plaintiff for his engagement in protected activities, namely his complaint regarding Defendants' personnel and pay practices.

55. In retaliating against Plaintiff, Defendants knowingly acted in deliberate disregard of Plaintiff's rights.

56. As a result of Defendants' unlawful conduct, Plaintiff is entitled to damages in an amount to be determined at trial, including compensatory damages for monetary damages and emotional distress, liquidated damages, punitive damages, front pay, attorneys' fees, costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

**SIXTH CLAIM FOR RELIEF**
**(FLSA Retaliation – 29 U.S.C. § 215)**

57. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

58. Defendants willfully and unlawfully retaliated against Plaintiff for his engagement in protected activities, namely his complaint regarding Defendant Tello's illegal retention of employees' tips.

59. In retaliating against Plaintiff, Defendants knowingly acted in deliberate disregard of Plaintiff's rights.

60. As a result of Defendants' unlawful conduct, Plaintiff is entitled to damages in an amount to be determined at trial, including compensatory damages for monetary damages and emotional distress, liquidated damages, punitive damages, front pay, attorneys' fees, costs, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of Himself and the FLSA Collective Plaintiffs and members of the Class, prays for relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the

pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

C. Designation of this action as a class action pursuant to F.R.C.P. 23.

D. Designation of Plaintiff as Representative of the Class.

E. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

F. Penalties available under applicable laws;

G. Costs of action incurred herein, including expert fees;

H. Attorneys' fees, including fees pursuant to 29 U.S.C. §§ 215, 216, N.Y. Lab. L. §§ 198, 663, 740 and other applicable statutes;

I. Pre-judgment and post-judgment interest, as provided by law; and

J. Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: New York, New York
September 26, 2025

Respectfully submitted,

JOSEPH & KIRSCHENBAUM LLP

By: /s/ *D. Maimon Kirschenbaum*

D. Maimon Kirschenbaum
Josef Nussbaum
45 Broadway, Suite 320
New York, NY 10006
Tel: (212) 688-5640
Fax: (212) 981-9587

*Attorneys for Named Plaintiff, proposed FLSA Collective Plaintiffs, and proposed Class*

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to jury trial.