UNITED STATES DISTRICT COURT
SOUTHERN DISTRAICT OF NEW YORK

| | |
|---|---|
| EMMANUEL CASTILLO, *on behalf of himself and others similarly situated,*<br><br>                     Plaintiff,<br>  - against -<br><br>RICARDO LLC, EDWARD MATEUS, and JAMES a/k/a. "JIMMY" MATEUS,<br><br>                     Defendants. | Case No: 1:25-cv-08022(PAE)(SDA)<br><br>**ANSWER AND AFFIRMATIVE DEFENSES** |

Defendants RICARDO LLC, EDWARD M. MATEUS, and JAMES a/k/a "JIMMY" MATUES (hereinafter "Defendants"), by and through their attorneys Brown Kwon & Lam, LLP., for its answer to Plaintiff EMMANUEL CASTILLO's (hereinafter, "Plaintiff") Complaint, state as follows:

**DEFENDANTS' ANSWER TO THE COMPLAINT**

**JURISDICTION AND VENUE**

1. Defendants state that Paragraph 1 of the Complaint contains a conclusion of law that does not require a response, except that Defendants admit that this Court has jurisdiction over Plaintiff's FLSA claims.

2. Defendants admit the allegations set forth in Paragraph 2 of the Complaint.

**PARTIES**

3. Defendants admit the allegations set forth in Paragraph 3 of the Complaint.

4. Defendants admit the allegations set forth in Paragraph 4 of the Complaint.

5. Defendants admit the allegations set forth in Paragraph 5 of the Complaint.

6. Defendants deny the allegations set forth in Paragraph 6 of the Complaint.

7. Defendants admit the allegations set forth in Paragraph 7 of the Complaint.

## FLSA COLLECTIVE ACTION ALLEGATIONS

8. Defendants admit that Plaintiff purports to proceed as a collective action, as alleged in Paragraph 8 of the Complaint, but deny that Plaintiff is entitled to proceed collectively or to any relief on that basis.

9. Defendants state that Paragraph 9 of the Complaint includes a conclusion of law which does not require a response.

10. Defendants state that Paragraph 10 of the Complaint includes a conclusion of law which does not require a response.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

11. Defendants admit that Plaintiff purports to proceed as a class action, as set forth in Paragraph 11 of the Complaint, but deny that class certification is appropriate.

12. Defendants state that Paragraph 12 of the Complaint includes a conclusion of law which does not require a response.

13. Defendants state that Paragraph 13 of the Complaint includes a conclusion of law which does not require a response.

14. Defendants state that Paragraph 14 of the Complaint contains a conclusion of law that does not require a response, except that Defendants deny that they engaged in the improper wage-and-hour practices alleged therein.

15. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint.

16. Defendants state that Paragraph 18 of the Complaint contains statements and conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations.

17. Defendants state that Paragraph 17 of the Complaint contains statements and conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations.

18. Defendants deny the allegations in Paragraph 18 of the Complaint, including that any common questions exist or predominate for purposes of class certification.

## FACTS

### Wage and Hour Violations

19. Defendants state that Paragraph 19 of the Complaint contains statements to which no response is required.

20. Defendants deny the allegations set forth in Paragraph 20 of the Complaint.

21. Defendants admit the allegations set forth in Paragraph 21 of the Complaint.

22. Defendants state that Paragraph 22 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny that Plaintiff's legal characterizations are accurate or complete.

23. Defendants state that Paragraph 23 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny that Plaintiff's legal characterizations are accurate or complete.

24. Defendants state that Paragraph 24 of the Complaint contains statements and conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

25. Defendants deny the allegations set forth in Paragraph 25 of the Complaint.

26. Defendants deny the allegations set forth in Paragraph 26 of the Complaint.

27. Defendants deny the allegations set forth in Paragraph 27 of the Complaint.

28. Defendants deny the allegations set forth in Paragraph 28 of the Complaint.

29. Defendants deny the allegations set forth in Paragraph 29 of the Complaint.

30. Defendants admit that Plaintiff's paystubs sometimes reflected round numbers for hours worked. Defendants deny the remaining allegations in this paragraph,

including that any hours were improperly reduced, that any deductions were unlawful, or that Plaintiff's paystubs prevented him from determining his wages owed."

31. Defendants deny the allegations set forth in Paragraph 31 of the Complaint

### Wrongful Termination

32. Defendants deny the allegations set forth in Paragraph 32 of the Complaint.

33. Defendants deny the allegations set forth in Paragraph 33 of the Complaint.

34. Defendants deny the allegations set forth in Paragraph 34 of the Complaint.

35. Defendants deny the allegations set forth in Paragraph 35 of the Complaint.

36. Defendants deny the allegations set forth in Paragraph 36 of the Complaint.

37. Defendants deny the allegations set forth in Paragraph 37 of the Complaint.

38. Defendants deny the allegations set forth in Paragraph 38 of the Complaint.

### FIRST CLAIM FOR RELIEF
### (FLSA Minimum Wage, 29 U.S.C. § 201, *et seq.*)

39. In response to Paragraph 39 of the Complaint, Defendants repeat, reallege and incorporate by reference its answer to paragraph 1 thru 38 as if fully set forth herein.

40. Defendants admit the allegations set forth Paragraph 40 of the Complaint to the extent that the Corporate Defendant was an entity engage in interstate commerce within the meaning of the FLSA.

41. Defendants admit the allegations set forth in Paragraph 41 of the Complaint, except that they deny that Edward Matteus was an employer under the FLSA.

42. Defendants deny the allegations set forth in Paragraph 42 of the Complaint.

43. Defendants deny that Plaintiff or any putative collective members are entitled to the relief sought in this paragraph.

### SECOND CLAIM FOR RELIEF
### (New York State Minimum Wage Violations, N.Y. Lab L. §§ 650 *et seq.*)

44. In response to Paragraph 44 of the Complaint, Defendants repeat, reallege and incorporate by reference its answer to paragraph 1 thru 43 as if fully set forth herein

45. Defendants deny the allegations set forth in Paragraph 45 of the Complaint.

46. Defendants deny that Plaintiff or any putative class members are entitled to the relief sought in this paragraph.

### THIRD CLAIM FOR RELIEF
### (New York Notice Requirements, N.Y. Lab. L. §§ 195, 198)

47. In response to Paragraph 47 of the Complaint, Defendants repeat, reallege and incorporate by reference its answer to paragraph 1 thru 46 as if fully set forth herein

48. Defendants deny the allegations set forth in Paragraph 48 of the Complaint.

49. Defendants deny that Plaintiff or any putative class members are entitled to the relief sought in this paragraph.

### FOURTH CLAIM FOR RELIEF
### (Unlawful Deductions, N.Y. Lab L. § 193)

50. In response to Paragraph 50 of the Complaint, Defendants repeat, reallege and incorporate by reference its answer to paragraph 1 thru 49 as if fully set forth herein

51. Defendants deny the allegations set forth in Paragraph 51 of the Complaint.

52. Defendants deny that Plaintiff or any putative class members are entitled to the relief sought in this paragraph.

### FIFTH CLAIM FOR RELIEF
### (NYLL Retaliation, N.Y. Lab. L. §§ 215, 740)

53. In response to Paragraph 53 of the Complaint, Defendants repeat, reallege and incorporate by reference its answer to paragraph 1 thru 52 as if fully set forth herein.

54. Defendants deny the allegations set forth in Paragraph 54 of the Complaint.

55. Defendants deny the allegations set forth in Paragraph 55 of the Complaint.

56. Defendants deny that Plaintiff is entitled to the relief sought in this paragraph.

## SIXTH CLAIM FOR RELIEF
### (FLSA Retaliation – 29 U.S.C. § 215)

57. In response to Paragraph 57 of the Complaint, Defendants repeat, reallege and incorporate by reference its answer to paragraph 1 thru 56 as if fully set forth herein.

58. Defendants deny the allegations set forth in Paragraph 58 of the Complaint.

59. Defendants deny the allegations set forth in Paragraph 59 of the Complaint.

60. Defendants deny that Plaintiff is entitled to the relief sought in this paragraph.

Defendants admits only that Plaintiff purports to seek judgment against Defendant for the relief referenced in the "WHEREFORE" Paragraph of the Complaint. Except as admitted herein, Defendants denies the allegations in this "WHEREFORE" Paragraph of the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Without admitting or acknowledging that Defendants bear any burden of proof as to any of them, Defendants assert the following affirmative defenses. Defendants specifically reserve the right to rely upon any additional defenses that become available or apparent while this action is pending and reserve the right to amend this Answer accordingly.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

To the extent that the period of time alluded to in the Complaint, or in the period of time alleged later in this action, predates the limitations period contained in the Fair Labor Standards Act and New York Labor Law, such claims of Plaintiff are barred.

**THIRD AFFIRMATIVE DEFENSE**

To the extent that Defendants' actions taken in connection with Plaintiff's compensation were done in good faith in conformity with and reliance upon written administrative regulations, order, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States and/or New York Department of Labor, Plaintiff's claims are barred in whole or in part

**FOURTH AFFIRMATIVE DEFENSE**

To the extent that any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the acts or omissions were not a violation of the NYLL, Plaintiff's claims are barred in whole or in part by the provisions of NYLL § 198.

**FIFTH AFFIRMATIVE DEFENSE**

Defendants, at all times, acted in good faith to comply with the NYLL and FLSA and with reasonable grounds to believe that its actions did not violate the FLSA or NYLL, and Defendants assert a lack of willfulness or intent to violate the FLSA or NYLL as a defense to any claim by Plaintiff for liquidated damages.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part to the extent that the work he performed fell within exemptions, exclusions, exceptions, offsets or credits permissible under the FLSA and NYLL, or other applicable laws.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent applicable, Plaintiff's claims are barred by the doctrine of waiver, unclean hands, estoppel and/or latches.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to an award of prejudgment interest if he prevails on any or all of the stated claims.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff has failed to take reasonable steps to protect himself from the damages alleged in the Complaint and has failed to mitigate any such alleged damages.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages, if any, were caused by Plaintiff's own conduct, including violations of workplace policies, and must be barred or reduced accordingly.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendants acted in good faith and/or that its conduct conformed to all applicable statutes, regulations and industry standards existing at the time of such conduct.

## TWELFTH AFFIRMATIVE DEFENSE

Defendants state that any adverse employment action taken with respect to Plaintiff was based on legitimate, non-retaliatory, and non-pretextual business reasons, including performance issues and disciplinary history, and not in retaliation for any alleged protected activity.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff did not engage in activity protected by the FLSA or NYLL, and no causal connection exists between any alleged protected activity and any alleged adverse employment action.

### FOURTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff alleges retaliation, Defendants assert that Plaintiff did not make a good-faith complaint in a manner protected by the FLSA or NYLL.

### FIFTEENTH AFFIRMATIVE DEFENSE

The claims asserted on behalf of the putative class do not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, including but not limited to numerosity, commonality, typicality, adequacy, predominance, and superiority. Class certification is therefore improper and should be denied.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are not suitable for collective treatment under 29 U.S.C. § 216(b), because Plaintiff is not similarly situated to the putative collective members, and individualized factual and legal issues predominate.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The claims of Plaintiff and the putative class or collective members require individualized inquiries into job duties, compensation, schedules, alleged deductions, alleged hours worked, and alleged damages, thereby precluding class or collective treatment.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not an adequate representative of any putative class or collective because his claims are not typical, he has interests conflicting with those of the putative members, and he cannot fairly and adequately represent them.

### RESERVATION OF RIGHTS

Defendants reserve the right to raise additional affirmative and other defenses that may subsequently become or appear applicable to Plaintiff's claims.

### JURY TRIAL DEMAND

Defendants request a jury trial on all issues so triable.

Dated: New York, New York  
       December 1, 2025

BROWN KWON & LAM, LLP

  /s/*William Brown*  
William M. Brown, Esq.  
521 5th Avenue, 17th Floor  
New York, New York 10175  
Phone: (212) 295-5825  
wbrown@bkllawyers.com  
*Attorneys for Defendants*